UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| KEVIN VEGA-MARTINEZ,<br><br>Petitioner,<br>v.<br><br>DAVID A. MARTIN,<br><br>Respondent. | No. 5:26-cv-04860-JDE<br><br>ORDER OF DISMISSAL |

On August 25, 2026, Julio Vega-Martinez, as "Next Friend" of detainee Kevin Vega-Martinez, A-Number 208-679-388 ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging Petitioner's detention by immigration authorities and seeking his immediate release. Dkt. 1 ("Petition" or "Pet."). Per the "Next Friend" filing, Petitioner, a citizen and native of Cuba who is subject to a final order of removal entered in 2018 and who was detained at that time for approximately eight months while the government attempted, unsuccessfully, to effect his removal, was re-detained on June 7, 2026, and has been detained in immigration custody since that time, allegedly in violation of the Due Process Clause under Zadvydas v. Davis, 533 U.S. 678 (2001) and regulations governing immigration detention.

However, on August 24, 2026, Petitioner in his own name, under A-Number 208-679-388, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by immigration authorities and seeking his immediate release. Martinez Harold-Vega, Kevin v. J. Johnson, et al., (C.D. Cal.) Case No. 5:26-cv-04976-SPG-JDE ("Prior Action"), Dkt. 1 ("Prior Petition").[1] In the Prior Petition, Petitioner, with the same action as that used in this action, avers he is a native and citizen of Cuba, is subject to a final order of removal entered on October 31, 2018, was detained after the entry of the final order of removal for at least 90-days, but was thereafter released "on supervised supervision" at some point after the 90-day period, was re-detained on June 6, 2026, has been in continuous custody since that date, and contends his re-detention violated the Due Process Clause and federal law and his ongoing detention violates the Due Process Clause under Zadvydas and regulations governing immigration detention.

Even though his name is not entirely consistent in the two petitions, it is apparent that the Petition in this Action and the Prior Petition in the Prior Action involve the same Petitioner, as the A# is the same as are all of the material allegations. Further, the 54-page Prior Petition asserts the same legal claims, albeit worded differently, as the instant 21-page Petition, with the two Petitions seeking effectively the same relief, primarily, Petitioner's immediate release. Compare Pet. at 7-20 with Prior Petition at 25-53. Lastly, as noted, whereas the Petition is signed only by Julio Cesar Vega Vazquez, as "next friend" of Petitioner, the Prior Petition is signed and verified by Petitioner himself. Compare Pet. at 17 with Prior Petition at 53-54.

[1] Petitioner, a detainee, is afforded the benefit of the "mailbox rule" and, as there is no evidence of the date it was given to officials at the facility for mailing, the Court deems the Prior Petition as having been constructively filed on August 24, 2026, the date of the signature on the proof of service reflecting mailing by Petitioner. See Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).

Courts are authorized to control their dockets and can take steps in the interests of judicial economy to limit efforts by a party to proceed on multiple actions based upon the same alleged underlying conduct by the same defendants when one suit will do. See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688, 692-93 (9th Cir. 2007), overruled on other grounds by Taylor v. Strugell, 553 U.S. 880, 904 (2008); see also Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (noting that between federal district courts, "the general principle is to avoid duplicative litigation"). A plaintiff is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail[s]." Cook v. C.R. England, Inc., 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (quoting The Haytian Republic, 154 U.S. 118, 125 (1894)).

"[I]n assessing whether the second action is duplicative of the first," a court must "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689 (citing The Haytian Republic, 154 U.S. at 124). Where, as here, a district court has "duplicative suits contemporaneously pending on its docket," the court has discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions, depending on the circumstances of the case. Id. at 692; see also Fed. R. Civ. Proc. 42(a). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams, 487 F.3d at 692 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).

Here, the Prior Petition involves the same Petitioner, the same claims, the same underlying allegations, and is actually brought by Petitioner himself,

in his own name, not through a "next friend." Further, although the Respondents are not identical in the two actions, in the Prior Action, Petitioner names the Warden of the facility holding him, as well as several other officials named in their respective official capacities, a more complete set of Respondents than the single Respondent named in the Petition. As such, it is apparent that this action is duplicative of the Prior Action and allowing a "next friend" to pursue this action while the actual Petitioner is pursuing a more complete action, in his own name, would improperly result in piecemeal litigation, rending this action subject to summary dismissal.

Separately, although an "[a]pplication for a writ of habeas corpus" may be "verified by the person for whose relief it is intended or by someone acting in his behalf," 28 U.S.C. § 2242, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." Coalition of Clergy, Laws., & Professors v. Bush, 310 F.3d 1153, 1159-60 (9th Cir. 2002). Because it contravenes the normal concepts of Article III standing, the "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Whitmore, 495 U.S. at 164. Here, as Petitioner is pursuing the Prior Action in his own name, it cannot be said that he "is unable to litigate in his own name." As such, this action cannot proceed as a "next friend" action. See Pinson v. Blanckensee, 834 F. App'x 427, 428 (9th Cir. 2021) (holding the "district court properly dismissed the action" because the putative next friend "failed to meet the requirements for next-friend standing under § 2242" and as "a non-attorney, cannot represent

others in court"); see also United States v. Shatswell, 2020 WL 529196, at *2 (E.D. Cal. Feb. 3, 2020) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition."), report and recommendation adopted by, 2020 WL 2216957 (E.D. Cal. May 7, 2020).

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1) The Renewed Application for a Temporary Restraining Order and for an Order to Show Cause re Preliminary Injunction (Dkt. 15) and the Motion for Entry of Judgment Granting the Writ of Habeas Corpus and for Immediate Release (Dkt. 16) are DENIED; and

(2) This action is dismissed as duplicative and is improperly brought as a next friend action.

Nothing herein limits Petitioner's ability to pursue his claims raised or relief sought in the Prior Action.

Dated: September 15, 2026

JOHN D. EARLY
United States Magistrate Judge